UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSSELL S. GRANT,

          Plaintiff,

   v.

WHITE, et al.,

          Defendants.

No.  2:25-cv-1935-EFB (PC)

<u>ORDER</u>

Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint (ECF No. 1), he has filed an application to proceed in forma pauperis (ECF No. 2).  He has also filed two motions for preliminary injunction (ECF No. 5, ECF No. 9).  As discussed below, the in forma pauperis application is granted, the two motions for preliminary injunction are denied, and the complaint is screened herein.

**Motion to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

1

**Screening Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

2

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**Factual Allegations**

Plaintiff sues officials of the South Placer County Jail, including two deputies (Caruthers and White), a sergeant (Fichou), and a lieutenant (Welsh). He alleges that he gave Caruthers or White four items of outgoing mail between February 12, 2025 and February 21, 2025, but Caruthers and White failed to post his letters. The four letters were addressed to 1) the Nation of Islam in Chicago, 2) the Nation of Islam in Los Angeles, 3) NBC Dateline News, and 4) the California Department of Justice (California DOJ) (privileged mail). ECF No. 1 at 5 ¶ 8; *id*. at 19-20 ¶¶ 75-77. Plaintiff alleges Caruthers and White discarded his outgoing letters because of a conspiracy to conceal the harm done to him in his criminal proceedings.[1] *Id*. at 19 ¶ 74.

Plaintiff filed two grievances about the mail handling. *Id*. at 20 ¶ 79; *id*. at 22 ¶ 83. Fichou denied both grievances at the first level of response, stating that video showed plaintiff's mail was taken to the front of the jail, and that the mail had not been mishandled or stopped from leaving the jail. *Id*. at 21 ¶ 80; *id*. at 22 ¶ 85. Welsh denied both grievances at the second level of review, stating that plaintiff's mail had been properly handled within the jail facility.[2] *Id*. at 21 ¶ 81; *id*. at 22 ¶ 86. He alleges his grievances put Fichou and Welsh on notice of mail handling issues. *Id*. at 24-25 ¶ 93; *id*. at 25-26 ¶ 95.

---

[1] Plaintiff was apparently attempting through his letters to call attention to aspects of his criminal proceedings and his incarceration which he maintains were unjust. He describes his issues at length. *See* ECF No. 1 at 5-18 ¶¶ 8-71; *id*. at 24 ¶ 92. He also references a civil complaint he filed in January 2025 alleging negligence and malpractice. *Id*. at 17 ¶ 65.

[2] Plaintiff also references an earlier, unrelated grievance which he had filed on January 8, 2025, and which complained that an item of legal mail had been opened by non-defendant officer Oliver. ECF No. 1 at 25-26 ¶¶ 93-95.

3

Plaintiff alleges that Fichou and Welsh failed to take supervisory corrective action, and therefore Caruthers, White, and other officers continued to discard plaintiff's outgoing mail, including additional letters plaintiff gave to officers in April, May, and June 2025.  Apparently, the reason plaintiff believes the letters were not posted in April, May, and June is that he has not received response from the organizations to which he addressed the mail.  *See id*. at 27 ¶ 97 (plaintiff has yet to hear back from the Equal Justice Initiative); *id*. at ¶ 98 (in a phone call, the receptionist at the NAACP told plaintiff they would have returned his mail with a letter explaining they do not accept mail from inmates); *id*. at 28 ¶ 100 (plaintiff has yet to hear back from a Sacramento Bee journalist).

### Claim I:  First Amendment (Mail & Civil Conspiracy)

Prisoners have "a First Amendment right to send and receive mail."  *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995).  Plaintiff's does not offer any factual basis for his allegation that Caruthers and White did not send the outgoing letters that he gave them in February 2025. Plaintiff apparently believes that letters he subsequently gave to prison officials in April, May, and June 2025 were likewise discarded because he did not receive response from the recipients to whom the letters were addressed.  This is not a plausible basis to conclude that prison officials discarded his outgoing letters, whether in February 2025 or thereafter.  None of the recipients had any obligation to respond to plaintiff.  The complaint does not allege facts from which the court could reasonably infer that Caruthers or White discarded or failed to post plaintiff's outgoing mail in February 2025.

Plaintiff's conspiracy allegation is similarly unsupported with factual allegations.  A claim of conspiracy under § 1983 must plausibly allege "(1) the existence of an express or implied agreement among the defendant officers to deprive [plaintiff] of his constitutional rights; and (2) an actual deprivation of those rights resulting from that agreement."  *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *see also Ivey v. Board of Regents*, 674 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").  Plaintiff asserts his belief that officials of the Placer County Superior Court have "enlisted" jail deputies to interfere with plaintiff's outgoing

4

mail and privileged mail because plaintiff has filed a civil lawsuit against them.  ECF No. 1 at 18-19 ¶ 72; *see also id*. at 17 ¶ 65.  But plaintiff has not plausibly alleged that his outgoing mail was not posted, or that there was express or implied agreement among the defendants and/or with officials of the Superior Court to discard plaintiff's outgoing mail.  Plaintiff's claim for violation of his rights under the First Amendment, and/or a civil conspiracy to do so, will be dismissed.  The court will give plaintiff an opportunity to amend his complaint to state an actionable claim.

### Claim II:  Due Process

Plaintiff alleges a second claim which he designates as a violation of his right to due process, based on the same facts.  ECF No. 1 at 23.  The narrative of plaintiff's complaint indicates that he had the status of a pre-trial detainee as of February 2025 when Caruthers and White allegedly discarded his mail.[3]  *Sed id*. at 18.  As a pre-trial detainee, his rights derive from the due process clause of the Fourteenth Amendment.[4]  *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979).

To state a claim for violation of his Fourteenth Amendment right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).  As discussed, the complaint does not plausibly allege a deprivation of plaintiff's constitutionally-protected right to send mail.  The complaint equally fails to allege that defendants denied him adequate procedural protections and, indeed, alleges that plaintiff filed two grievances which were investigated and received response.  As to the latter point, it is unclear whether plaintiff may be alleging that Fichou and Welsh violated his due process rights because they denied his grievances.  If so, this claim must fail.  *See Gonzalez v.*

---

[3] As of December 4, 2024, plaintiff's defense attorney apparently advised plaintiff to accept a plea deal.  ECF No. 1 at 15 ¶¶ 55-57.  As of February 19, 2025, the court set a date for a *Marsden* hearing, which is an in camera proceeding to appoint new counsel.  *Id*. at 18 ¶ 69; *see People v. Marsden*, 2 Cal. 3d 118, 84 Cal. Rptr. 156, 465 P.2d 44 (1970) (a criminal defendant bringing a motion to substitute new counsel is entitled to an opportunity to state the reasons for his request).

[4] The complaint mislabels plaintiff's due process claim as arising under the First Amendment.  ECF No. 1 at 23.  The claim must arise, if at all, under the Fourteenth Amendment.

*Mullen*, 446 F. App'x 17, 18 (9th Cir. 2011) (a prisoner has no due process right to the handling of grievances in any particular manner).

Plaintiff's claim for violation of his due process rights will be dismissed. The court will give plaintiff an opportunity to amend his complaint to state an actionable claim.

**Supervisory Liability**

To the extent plaintiff sues Fichou and Welsh based solely on their supervisory roles, his claims are barred because "supervisors may be held liable only if they participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Marines v. Pogue*, No. 1:25-cv-00020-BAM, 2025 WL 2444104, at *3 (E.D. Cal. Aug. 25, 2025) (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (cleaned up)). At most, plaintiff's complaint implies that Fichou and Welsh made a policy to discard plaintiff's outgoing mail. But this is insufficient. "Conclusory allegations that a supervisor promulgated unconstitutional policies and procedures which authorized their subordinates' unconstitutional conduct are speculative and do not suffice to state a claim of supervisory liability." *Marines*, 2025 WL 2444104, at *4 (citing *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018). To the extent plaintiff wishes to pursue claims against Fichou and Welsh, his claims must be based on their own participation in constitutional violations, or plausible allegations they promulgated an unconstitutional policy.

**Motions For Preliminary Injunction**

Plaintiff has filed two motions requesting a preliminary injunction. ECF Nos. 5, 9. A preliminary injunction may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)). The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer," *Granny Goose Foods, Inc. v.*

*Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974), and to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).

Plaintiff's first motion for preliminary injunction was filed concurrently with his complaint and repeats many of the complaint's allegations.[5] ECF No. 5. Plaintiff asks the court to order defendants to stop interfering or tampering with his outgoing mail. *Id*. at 14-15. Plaintiff argues he has demonstrated that defendants have not allowed him to communicate with the outside world and the media and they have violated his constitutional rights in a concerted effort by discarding his mail. *Id*. at 10 ¶¶ 26-28. He asserts he is likely to succeed on the merits, that he will suffer irreparable harm and be unable to communicate with the outside world if an injunction is not granted, that injunctive relief will not harm defendants, and that it is in the public interest to grant him the injunction he seeks. *Id*. at 11-14.

Plaintiff's second motion for preliminary injunction repeats the allegations of his first motion, and it adds that in July 2025 he gave prison officials four more letters to which he has not received response.[6] ECF No. 9. Plaintiff repeats his arguments for an injunction ordering that defendants not interfere or tamper with his outgoing mail. *Id*. at 16.

Plaintiff has not shown that he is likely to succeed on the merits of his claims that prison officials have discarded his outgoing letters. Plaintiff has also requested injunctive relief in his complaint. ECF No. 1 at 31. If plaintiff files an amended complaint that states an actionable claim, and if evidence at trial proves that injunctive relief is warranted, the court may issue such

---

[5] Plaintiff attaches his declaration to his first motion for preliminary injunction. ECF No. 5 at 16-23. The declaration again describes issues with his criminal proceedings, and his subsequent letters of April, May, and June 2025 addressed to the Nation of Islam, NBC Dateline News, the California DOJ, the Equal Justice Initiative, the NAACP, and the Sacramento Bee.

[6] These July 2025 letters were addressed to 1) the Prison Legal News requesting an interview, 2) the United States Department of Justice, 3) FOX 40 News (plaintiff thereafter spoke to a news reporter on the phone but has not heard back from them), and 4) CBS-CW-Channel 31. ECF No. 9 at 8-11 ¶¶ 24-36.

relief at that time.

**Leave to Amend**

Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an amended complaint, the amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  The amended complaint must contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).  The amended complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the identify of defendants, nor the existence of allegations that have not been explicitly set forth in the amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*  The amended complaint should include only claims that are related because they concern the same event (or series of related events) or the same defendant.

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("the 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's motions for preliminary injunction (ECF No. 5 and ECF No. 9) are DENIED without prejudice.

4. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of services of this order; and

5. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: February 12, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE